UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DARLENE WHALEY,
an individual,

    Plaintiff,

vs.

CASE NO:

MICHAEL J. KELLER,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues MICHAEL J. KELLER, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, *et seq.*, ("Americans with Disabilities Act" or "ADA") and the Rehabilitation Act of 1973 and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

1

2.	Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3.	Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.  Whaley suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility.  Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Whaley continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access which continue to exist.

4.	The Defendant, MICHAEL J. KELLER, is an individual, over the age of majority, conducting business in the State of Alabama.  Upon information and belief, MICHAEL J. KELLER (hereinafter referred to as "KELLER"), is the owner, lessee and/or operator of the real properties and improvements which are

the subject of this action, Highway Pickers, located at 14400 US 278 West, in Cullman, Alabama (hereinafter referred to as the "Flea Market").

5.     All events giving rise to this lawsuit occurred in the Northern District of Alabama.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6.     On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R.§36.508 (A).

7.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Flea Market owned by KELLER is a place of public accommodation in that it is a retail establishment that provides goods and services to the public.

8.     Defendant KELLER, has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Flea Market in derogation of 42 U.S.C. §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Flea Market owned by KELLER. Prior to the filing of this lawsuit, Plaintiff visited the Flea Market at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire to visit the Flea Market, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at the Flea Market in violation of the ADA. Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. KELLER is in violation of 42 U.S.C. §12181 *et seq*. and 28 C.F.R. §36.302 *et seq*. and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   (i) There are no accessible parking spaces in the parking area;

(ii)         The parking area is all gravel with no slip resistant surfaces;

(iii)        There is no accessible route from the parking area to the front entry walk due to the fact that the front entry walk is 1 to 2 inches above the level of the parking area;

(iv)        The stairs that access the four levels have handrails that are too high and do not have accessible gripping surfaces;

(v)         The accessible lift that accesses the second and third levels and that allows for accessibility to those two floors is out of service and is not maintained in operable condition for customers with disabilities;

(vi)        The men's and women's toilet rooms on the second level are identical;

    a. There is no accessible signage for either toilet room.

    b. Both toilet room entry doors have knob type hardware that require tight grasping, pinching and twisting of the wrist to operate.

    c. There is insufficient clear floor space for a wheelchair user to exit either toilet room.

    d. There is insufficient floor area at the water closets for a wheelchair user.

    e. The water closets are elevated above the floors and are inaccessible to wheelchair users.

    f. The grab bars at the water closets are noncompliant.

    g. The lavatories have no knee and toe clearance for a wheelchair user.

    h. The mirrors are mounted too high for a wheelchair user.

12. There are other current violations of the ADA at the Flea Market owned and operated by KELLER which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C §12101 *et seq.* and 28 C.F.R. §36.304, KELLER was required to make its Flea Market, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, KELLER has failed to comply with this mandate.

15. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by KELLER pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to

the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against KELLER and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this the 9th day of October, 2019.

                                  Respectfully submitted,

                                  /s/ Edward I. Zwilling
                                  Edward I. Zwilling, Esq.
                                  Ala. Bar No. ASB-1564-L54E
                                  Law Office of Edward I. Zwilling, LLC

        4000 Eagle Point Corporate Dr.
        Birmingham, Alabama 35242
        Telephone: (205) 822-2701
        Email:
        edwardzwilling@zwillinglaw.com